UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO
**Judge John L. Kane**

Civil Action No. 16-cv-2588-JLK

RYAN POPE,

        Plaintiff,

v.

THE INTEGRATED ASSOCIATES OF DENVER, INC., a Delaware corporation,
THE INTEGRATED ASSOCIATES, INC., a California Corporation,
ETHAN GILLESPIE, and
ANTHONY MOSER,

        Defendants.

_____

**ORDER**

_____

Kane, J.

        This business fraud and wrongful discharge action was originally filed in Denver District Court on September 9, 2016, with Plaintiff claiming he was induced with promises of equity ownership to move to Colorado from Europe and open a Denver-based subsidiary of The Integrated Associates, Inc. (IA), a tech support and consulting group headquartered in California. Plaintiff contends that after launching and building The Integrated Associates of Denver (IA-Denver) over the course of three years, IA refused to come through on its promise of an equity stake and, when pressed, unceremoniously fired him. Plaintiff sued, naming IA, IA-Denver, and IA/IA-Denver officers and co-founders Ethan Gillespie and Anthony Moser as defendants.

1

Defendants collectively removed the action to federal court on October 17, 2016, asserting the requisite jurisdictional amount in controversy of $75,000 and complete diversity of citizenship under 28 U.S.C. § 1332. Plaintiff moves for remand, arguing that under *Hertz Corp. v. Friend,* 559 U.S. 77 (2010), IA-Denver is a citizen of Colorado, not California, defeating diversity jurisdiction. Defendants cite *Hertz* for the opposite conclusion, namely, that IA-Denver is a citizen of California notwithstanding the fact that its business activities take place in Colorado, because those activities are "direct[ed], control[led], and coordinat[ed]" by its corporate officers in San Diego. Based on my own careful reading of *Hertz*, the better argument is Defendants' and Plaintiff's Motion for Remand must be denied.

The federal diversity jurisdiction statute provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated *and of the State where it has its principal place of business.*" 28 U.S.C. §1332(c)(1)(emphasis added). In *Hertz,* Justice Breyer cited the "divergent" and "increasingly complex" interpretations circuit courts have given the phrase "principal place of business" to impose a "single, more uniform interpretation." *See Hertz*, 559 U.S. at 80-81, 93-95. A uniform rule would promote "administrative simplicity" and "predictability," he wrote, thereby reducing jurisdictional jockeying and litigation. The result was the adoption of a bright-line "nerve center" test, providing that a corporation's principal place of business for purposes of §1332 is "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* at 92-93. While in practice this "should normally be the place where the corporation maintains its headquarters," *id.* at 93, Justice Breyer

2

recognized that the use of the "nerve center" test may, in some cases, produce "anomalies" where a company's citizenship for diversity jurisdictional purposes diverges from the place where it interacts with the public or has its headquarters. *Id.* at 96 (under the "nerve center" test, "if the bulk of a company's business activities visible to the public take place in New Jersey, while its top officers direct those activities just across the river in New York, the 'principle place of business' is New York . . . . [and] the corporation will still be entitled to remove a New Jersey state case to federal court"). This example is dispositive in this case, with IA-Denver playing the part of the New Jersey company in Justice Breyer's example.

The IA Defendants support their "nerve center" status with the affidavit of Anthony Moser, who attests to the fact that he and Ethan Gillespie are the only two officers of IA and IA-Denver and that they make all corporate and management decisions regarding IA-Denver from their offices in San Diego, including all of IA-Denver's payroll, accounts receivable and accounts payable functions, and hiring decisions. Moser Affid. (Doc. 17-1) at 2. Plaintiff cannot meaningfully deny these facts, either, as the entire tenor of his Complaint is that Moser and Gillespie defrauded him by promising him an ownership interest in IA-Denver but then never relinquished control over the business to him. Plaintiff instead sued IA-Denver and IA, alleging that "all financial accounting of IAD is controlled through IA" and that IA "acts as an alter ego of the Denver corporation . . . . sharing customers and funds with IAD, and . . . controlling all aspects of IAD." Compl. (Doc. 1-1) ¶ 3. These allegations support, rather than refute, the facts proffered by IA establishing that IA-Denver's "nerve center" is in California. Under these

3

circumstances, the *Hertz* bright-line rule entitles the IA defendants to remove this case to federal court and defeats Plaintiff's Motion for Remand.

This jurisdictional ruling brings up the other pending motion in this case, which was abated while the remand question was being decided. Defendants' Motion to Compel Arbitration and to Dismiss (Doc. 12), is premised on a mandatory arbitration provision tucked into Plaintiff's employment agreement with IA, and is fully briefed. I will rule on the Motion in due course by separate order. In the interim, however, I advise the parties of my general distaste for mandatory arbitration provisions in the employment context, particularly where the dispute as issue sounds in fraud. The essence of Plaintiff's Complaint in this case is that he was fraudulently induced to *enter into* a contractual relationship with IA. Using that contract to enforce a waiver of that employee's right to challenge the fraud in court is not as open and shut of a case as Defendants suggest. Statements made by an employer, particularly in the pre-hire situation where an employee is induced to accept a new job based on representations that are insincere, may provide the basis for tort claims that do not arise under the ensuing contract of employment. *See Pickell v. Arizona Components Co.*, 931 P.2d 1184, 1186 (Colo. 1997).

Based on the foregoing, it is ORDERED that Plaintiff's Motion for Remand (Doc. 15) is DENIED. This matter is REFERRED to Magistrate Judge Shaffer for an early neutral evaluation or for such other settlement proceedings as the parties may agree.

Dated December 23, 2016.

*/s/ John L. Kane*
SENIOR U.S. DISTRICT JUDGE

4