IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 19-cv-01662-CMA-KLM

THE INTEGRATED ASSOCIATES OF DENVER, INC., a Delaware corporation, and
THE INTEGRATED ASSOCIATES, INC., a California corporation,

    Petitioners,

v.

RYAN B. POPE,

    Respondent.
_____

# ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Petitioners' unopposed **Notice of Related State Action and Motion to File Pleadings From Such Action in This Case** [#34][1] (the "Motion"). Petitioners do an excellent job of summarizing the procedural background to the Motion [#34], which the Court incorporates here:

> On June 7, 2019, this action was initiated by Petitioners to seek vacatur or modification of an arbitration award. As asserted in Petitioners' Application and First Amended Application to vacate or modify, jurisdiction for this action lies in this Court by way of diversity jurisdiction under 28 U.S.C. § 1332.
>
> On May 24, 2019 (14 days prior to the filing of this action), unbeknownst to Petitioners, Respondent Pope filed a state court action to seek confirmation of the same arbitration award under the Colorado Uniform Arbitration Act, C.R.S. §§ 13-22-222 and 13-22-225. Petitioners were unaware of Respondent Pope's filing of the state court action because he never served them with the Civil Case Cover Sheet and Motion to Confirm, nor otherwise

---

[1] "[#34]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

> gave Petitioners notice of his initiation of the state court action. On May 24, 2019, without hearing from Petitioners, the state court judge granted Respondent Pope's Motion to Confirm and entered judgment against Petitioners.
>
> On July 2, 2019, after learning of the state court action on their own and the judgment entered against Petitioners, Petitioners filed a Motion to Vacate Judgment and sought an award of costs for Respondent Pope's actions in failing to serve Petitioners or otherwise give them notice of the state court action, which caused them to incur the filing fee and service of process costs associated with this action. On July 23, 2019, Respondent Pope filed his Response to Petitioners' Motion to Vacate Judgment in the state court action, in which he did not oppose Petitioners' request that the judgment be vacated, but opposed Petitioners' request for costs. On July 30, 2019, Petitioners filed their Reply in Support of Motion to Vacate Judgment in the state court action. On August 8, 2019, the parties appeared before Magistrate Judge Mix at the Scheduling Conference in this matter. Unfortunately, neither counsel for the parties thought to raise the issue of the related state court action at the Scheduling Conference.
>
> Also on August 8, 2019, the state court granted Petitioners' Motion to Vacate Judgment, vacating the judgment improvidently entered against Petitioners, ordering Petitioners to file a Response to Respondent Pope's Motion to Confirm Award on or before August 29, 2019, and reserving a ruling on Petitioners' request for a cost award against Respondent Pope. Because this matter regarding the same subject matter as the related state court action was pending and to avoid duplicative litigation regarding whether to confirm or vacate the arbitration award, on August 29, 2019, Petitioners filed a Notice of Removal to remove the related state court action and consolidate it with the instant action. On August 30, 2019, this Court rejected Petitioners' Notice of Removal filed in this action, stating that the Notice of Removal requires a new case filing with a new filing fee paid. On September 3, 2019, the state court closed the related state court action based on the filing of the Notice of Removal.

*Motion* [#34] at 1-3 (internal citations, footnotes, paragraph numbering, and some paragraph breaks omitted).

In the present Motion [#34], Petitioners take issue with the Clerk of Court's Administrative Notice directing them to initiate a new, third action related to this subject matter and to pay a new filing fee. *Id.* at 4. They give three legal bases which they assert

provide the Court with the authority to take notice of the related state action and accept the pleadings from that case.

First, Petitioners believe that the Court has authority to take notice of the related state action pursuant to "D.C.COLOLCIVR. 32 [sic]" and to accept the pleadings attached to the Motion for filing in this case "to avoid the time, expense and complexity of filing a third action involving the same parties and subject matter." *Id.* Petitioners do not further discuss this Local Rule (which does not exist as cited), although they are presumably referring to D.C.COLO.LCivR 3.2: Notice of Related Cases, which provides:

> (a) Notice. A party to a case shall file a notice identifying all cases pending in this or any other federal, state, or foreign jurisdiction that are related to the case. Under this rule, no party may seek special assignment, reassignment, or transfer of a related case from one judicial officer to another.
> (b) Related Cases. Related cases are cases that have common facts and claims and:
> > (1) have at least one party in common; or
> > (2) are filed serially or collectively as a group by the same attorney or law firm.
> (c) Time for Filing; Supplemental Filing.
> > (1) A party shall file the required notice at the time of its first appearance or the filing of its first pleading or document, or other matter addressed to the court.
> > (2) A party shall file promptly a supplemental notice of any change in the information required under this rule.
> (d) Procedure on Notice. On notice of a related case, the judicial officer with the lowest numbered case shall confer with every other judicial officer to whom a related case is assigned to discuss whether the related cases should be submitted for special assignment or reassignment under D.C.COLO.LCivR 40.1(a) or transfer under D.C.COLO.LCivR 40.1(d)(4)(B).

Second, Petitioners believe that the Court has authority to take notice of the related state action pursuant to Fed. R. Civ. P. 1, which provides that the Federal Rules of Civil Procedure should be "construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding."

*Motion* [#34] at 4. They assert that "initiating a new, third action related to the same subject matter and involving the same parties as this matter for the sole purpose of moving to consolidate such new action with this action does not serve the interests of judicial economy or 'the just, speedy, and inexpensive determination of every action and proceeding.'" *Id.* They state that, "including this matter, the parties have already filed six (6) separate actions spanning multiple forums." *Id.* (footnote listing cases omitted). Thus, "[r]ather that filing another new case, Petitioners submit that the interests of judicial economy, the avoidance of piecemeal litigation, the just, speedy and inexpensive resolution of cases, and fairness to the parties are best served by considering the exceptional circumstances of this matter and accepting the pleadings from a related state case (that is now closed) that are attached to this Motion as filings to be heard in this case." *Id.* at 5. They assert that "[t]he two discrete issues to be heard from the related state court pleadings are: (1) Respondent Pope's Motion to Confirm Arbitration Award; and (2) Petitioners' request for costs associated with their Motion to Vacate Judgment." *Id.*

Third, Petitioners believe that the Court "possesses inherent powers that are 'governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" *Id.* (quoting *Dietz v. Bouldin*, 136 S.Ct. 1885, 1891 (2016)). They argue:

> Specifically, district courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases. The U.S. Supreme Court has held that the exercise of an inherent power first must be a reasonable response to the problems and needs confronting the court's fair administration of justice. Next, the exercise of an inherent power cannot be contrary to any express grant of or limitation on the district court's power contained in a rule or statute. These two principles—a reasonable response to a specific problem and no contradiction with any express rule or statute—support that this Court has the inherent

> power to take notice of the related, now-closed state court action and accept for filing in this matter the pleadings attached to this Motion in order to expeditiously resolve the issues of Respondent Pope's request to confirm the arbitration award and the Petitioners' request for costs, without requiring the parties to initiate a new, third action for the sole purpose of consolidating it with this action.

*Id.* at 5-6 (internal citations, brackets, and quotation marks omitted).

In short, Petitioners ask the Court to take notice of the related state court action and accept for filing the pleadings attached to the Motion [#34] from such related state action so that the Court can address two discrete issues from the related state court pleadings: (1) Respondent Pope's Motion to Confirm Arbitration Award; and (2) Petitioners' request for costs associated with their Motion to Vacate Judgment.

With respect to notice of a related state court action, no action is required by the Court. All the parties need do is file the notice required under D.C.COLO.LCivR 3.2(a) "identifying all cases pending in this or any other federal, state, or foreign jurisdiction that are related to the case." Based on a review of the docket, it does not appear that this straight-forward notice has yet been filed with the Court.

With respect to accepting for filing pleadings from the state court action, Petitioners are asking the Court to circumvent the established rules. To the extent they want to consolidate this action with the state court action, the Clerk of Court was correct that the state court action must be removed to federal court independently before it can be consolidated with another federal case. *See Administrative Notice* [#32]; see also Electronic Case Filing Procedures for New Cases 4.4 (b). The Court is aware of no authority permitting removal of a state court action directly into a federal court action, regardless of the number of other cases the parties have filed in connection with the

underlying issues and regardless of their desire to avoid opening a new case and paying a new filing fee.  *See generally* 28 U.S.C. § 1446 (Procedure for Removal of Civil Actions).

Of course, to the extent that any of the state court action's filings are relevant to any issue in this case, the parties certainly may attach those filings to the pertinent pleadings or briefs.  To the extent it is appropriate in this action to independently raise the issues of Respondent Pope's Motion to Confirm Arbitration Award and/or Petitioners' request for costs associated with their Motion to Vacate Judgment, the parties may do so as well.  However, to the extent these courses of action are insufficient or inappropriate, the parties must follow the routine procedure of removing the state court action to federal court (which may first necessitate the parties asking the state court to reopen that action) and then seeking consolidation of the two federal actions.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#34] is **DENIED**.

Dated:  November 18, 2019            BY THE COURT:

Kristen L. Mix
United States Magistrate Judge