IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01662-CMA-KLM

THE INTEGRATED ASSOCIATES OF DENVER, INC., a Delaware corporation, and
THE INTEGRATED ASSOCIATES, INC., a California corporation,

     Petitioners,

v.

RYAN B. POPE,

     Respondent.

## ORDER RE: MOTION TO VACATE ARBITRATION AWARD

This Matter is before the Court on Petitioners' Amended Motion to Vacate, or in the Alterative to Modify, the Arbitration Award (Doc. # 12). The Motion is denied for the following reasons.

### I.    BACKGROUND

This case involves an employment dispute. Petitioner, The Integrated Associates, Inc. ("TIA"), is a California-based recruiting and staffing agency.[1] (Doc. # 12, p. 2). In 2015, TIA hired Respondent, Ryan Pope, to launch a TIA office in Denver. (Doc. # 13, p. 2). The parties executed an employment agreement ("Agreement"), which made Pope the Regional Director of the Denver office. (Doc. # 13, p. 2). A year after the Agreement was executed, Pope was fired. (Doc. # 13, p. 3).

---

[1] For purposes of this Order, Petitioners are referred to collectively as "TIA" or "Petitioner."

1

After his termination, Pope sued TIA in Colorado state court. Pope alleged, among other things, wrongful termination, breach of contract, and violations of the Colorado Wage Act. (*See* Case No. 1:16-cv-02588-JLK (D. Colo.); *see also* Doc. # 13). TIA removed the action to federal court and then moved to compel arbitration. (*See* Case No. 1:16-cv-02588-JLK (D. Colo.), Docs. ## 1, 2). Judge Kane ordered the parties to arbitrate, and the federal case was dismissed. (*See* Case No. 1:16-cv-02588-JLK (D. Colo.), Doc. # 25). An arbitrator ultimately awarded Pope roughly $145,000 in damages. (Doc. # 29-1, p. 19).

TIA now contends that the arbitration award should be vacated. TIA argues that the arbitrator erred by (1) admitting and relying on Pope's damages exhibit; (2) awarding Pope damages in the form of a contractual severance payment; (3) awarding attorney fees without a hearing; and (4) classifying some of Pope's damages as "wages" rather than "breach of contract damages." (Doc. # 12, pp. 4-5). Pope objects to TIA's Motion and requests an award of attorney fees incurred in responding to the Motion. (Doc. # 29).

## II.　LEGAL STANDARD

"[T]he standard of review of arbitral awards is among the narrowest known to law." *ARW Expl. Corp. v. Aguirre,* 45 F.3d 1455, 1462 (10th Cir.1995) (quotation omitted). "By agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration." *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20, 31 (1991). Thus, a district court "does not sit to hear claims of factual or legal error by an arbitrator as if it

2

were an appellate court reviewing a lower court's decision." *Morrill v. G.A. Mktg., Inc.*, No. 04-cv-01744, 2006 WL 2038419, at *1 (D. Colo. July 18, 2006) (unpublished) (citing *United Paperworkers Intern. Union v. Misco, Inc.*, 484 U.S. 29, 37-38 (1987)). Rather, the court must give maximum deference to the arbitrator's decision, in order to respect the parties' contractual agreement to resolve the case through arbitration. *See Commercial Refrigeration, Inc. v. Layton Constr. Co., Inc.*, 319 F. Supp. 2d 1267 (D. Utah 2004).

The Federal Arbitration Act provides that, in general, a district court may vacate an arbitration award only where the arbitration was tainted by fraud, corruption, or other serious misconduct. 9 U.S.C. § 10(a). Additionally, courts have recognized "a handful of judicially created reasons" to vacate an arbitration award, including violations of public policy, manifest disregard of the law, and denial of a fundamentally fair hearing. *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997). "Outside of these limited circumstances, an arbitration award must be confirmed." *Id.* Mere errors "in either the arbitrator's factual findings or his interpretation[s] of the law . . . do not justify review or reversal." *Id.*

### III.   ANALYSIS

**A.   EVIDENTIARY ERROR**

TIA first argues that this Court should overturn the arbitration award on the ground that the arbitrator "made an erroneous evidentiary ruling." (Doc. # 13, pp. 10-11). Specifically, TIA argues that the arbitrator should not have accepted Pope's Exhibit 37, a demonstrative exhibit that summarized what damages Pope was claiming. (Doc. #

3

13, p. 10; Doc. # 13-1). TIA claims that, as a result of the arbitrator's decision to accept Exhibit 37, TIA was "deprived of a fair hearing." (Doc. # 13, pp. 10-11). The Court disagrees.

First, it is not at all clear that the arbitrator's decision to admit Exhibit 37 was, in fact, error. Exhibit 37 is a one-page chart that summarizes the commissions Pope expected to receive based on his work at TIA. (Doc. # 13-5). Under F.R.E. 1006,[2] a party may use charts like Exhibit 37 to "prove the content of voluminous writings . . . that cannot be conveniently examined in court." Rule 1006 allows admission of such exhibits, provided that the proponent makes the relevant documents "available for examination or copying." F.R.E. 1006. TIA provides no evidence that Pope failed to meet that obligation. To the contrary: it appears that all relevant documents were already in TIA's possession. The contents of Exhibit 37 were drawn from the parties' employment contract and TIA's revenue data. (*See* Doc. # 13-5 (calculating commissions due to Pope based on TIA's revenue from staffing placements)). TIA does not dispute that such information was in its possession. Thus, TIA had all the information it needed to understand – and to undermine – the contents of Exhibit 37.

Further, even if the arbitrator did err in admitting Exhibit 37, such error did not, as TIA contends, deprive it of a fair hearing. TIA was on notice of the damages Pope was claiming – and the basis for those damages – from the outset of this case. (Case No. 1:16-cv-02588-JLK (D. Colo.), Docs. ## 1, 2). Pope outlined his alleged damages, as well as the grounds for such damages, in his initial complaint. (Case No. 1:16-cv-02588-

---

[2] The parties agreed that the Federal Rules of Evidence would apply at arbitration. (Doc. # 13-3).

JLK (D. Colo.), Doc. # 2). The arbitrator even summarized those damages in his case management order, which was issued seven months before arbitration. (Doc. # 13-3, ¶ 3). TIA thus had ample opportunity to investigate those claims through discovery and to prepare a defense to Pope's damages claims. (*See* Doc. # 13-3, ¶ 5 (discovery provisions of case management order)). Though the parties apparently agree that Exhibit 37 was disclosed on the first day of trial – two weeks after the Case Management Order deadline for exchanging exhibits – the contents of that exhibit should not have been any surprise to TIA. Therefore, the arbitrator did not deprive TIA of a fair hearing when he accepted Exhibit 37.

TIA argues, however, that Pope "failed and refused to identify, disclose or produce any of the documents or calculations utilized to create his summary Exhibit 37." This argument is unavailing. TIA has not presented any documentation of the parties' disclosures, discovery, or discovery disputes, but it is clear from the record that TIA understood the bases for Pope's damages calculations. In its post-arbitration briefs, TIA addressed Pope's damages claims in detail, including explaining how those damages were calculated and why, in TIA's view, Pope's calculations were incorrect. (*See* Doc. # 13-8 at pp. 4-5). To the extent TIA objects to the completeness of Pope's disclosures, TIA has not presented any evidence that it was deprived of a fair opportunity to raise those objections with the arbitrator.

TIA also claims that it was "not afforded notice and an opportunity to *be heard*" regarding the admission of Exhibit 37. (Doc. # 13, p. 12 (emphasis in original)). This claim is simply not true. TIA was given ample opportunity to object – and it in fact did

5

object, repeatedly – to the admission of Exhibit 37. In fact, TIA admits that it "objected both during the trial and in post-trial briefs on the basis of foundation, lack of prior disclosure, and unfair surprise/ambush at trial." (Doc. # 13, p. 12). Thus, it is clear from the record that the arbitrator's decision to admit exhibit 37, even if erroneous, did not deprive TIA of an opportunity to be heard.

**B.    SEVERANCE PAYMENT**

TIA next argues that "the breach of contract damage award of severance in the amount of $12,500 . . . should be vacated as erroneously awarded." (Doc. # 13, p. 4). This argument is not well developed: it is raised only in TIA's argument summary, (Doc. # 13, p. 4); it is all but abandoned in TIA's reply, (Doc. # 30, p. 2, n. 1); and TIA fails to cite a single exhibit or authority in support of this argument. (Doc. # 13, p. 4). Therefore, it is within this Court's authority to reject this argument without further analysis. *Ormsbee Dev. Co. v. Grace*, 668 F. 2d 1140, 1147 (1982) ("A party attacking the legality of an arbitration award . . . has the burden of sustaining such an attack."). However, even if this Court were to ignore these shortcomings, the argument would nevertheless fail for lack of record support.

TIA claims that the severance award is invalid because the severance-payment clause in the parties' employment agreement "was found to have been fraudulently inserted into the agreement by Mr. Pope." (Doc. # 13, p. 4). This is simply not true: nothing in the arbitration award indicates that the severance-payment clause was "fraudulently inserted." (*See* Doc. # 29-1). Though TIA argued in the arbitration that the severance-payment clause had been procured by fraud, that argument was evidently

6

rejected by the arbitrator, who awarded a severance payment to Pope over TIA's objection. (Doc. # 29-1). Therefore, TIA's argument is without merit, and it is not a basis for reversal.

### C.   FAILURE TO CONDUCT REASONABLENESS HEARING

TIA next contends that the arbitrator erred by awarding attorney fees without a hearing. This argument also fails.

Though Colorado state courts are generally required to conduct a reasonableness hearing when awarding attorney fees, *see Pedlow v. Stamp*, 776 P.2d 382, 385-86 (Colo. 1989), no such requirement exists in arbitration. To the contrary, the "Supreme Court has stated quite plainly that matters of procedure lie solely within the discretion of the arbitrator." *United Steelworks of Am., AFL-CIO-CLC v. Ideal Cement Co., Div. of Basic Indus., Inc.*, 762 F. 2d 837, 841 (10th Cir. 1985). TIA does not cite a single case in which a court has held that an arbitrator must conduct a reasonableness hearing before awarding attorney fees. Therefore, TIA has not demonstrated that a hearing was required.

Moreover, even if TIA could prove that the arbitrator erred, the Court would still conclude that the error does not warrant reversal. TIA had a full and fair opportunity to litigate the issue of attorney fees. The parties briefed the issue thoroughly, (*see* Doc. # 13-9 (TIA's Response to Pope's Motion for Attorney Fees)), and the arbitrator awarded TIA only a fraction of the fees Pope requested. Therefore, the proceedings were fundamentally fair, and reversal is not warranted. *Denver & Rio Grande W. R.R.*, 119 F.3d at 849.

### D. RECLASSIFICATION OF DAMAGES

Finally, TIA argues that some of Pope's damages were incorrectly classified as "wages" in the arbitration award. TIA asks this Court to reclassify those damages as "breach of contract damages." (Doc. # 13, pp. 16-19). The Court declines to do so.

Mere errors "in either the arbitrator's factual findings or his interpretation[s] of the law . . . do not justify review or reversal." *Denver & Rio Grande W. R.R.* 119 F.3d at 849. "Only 'manifest disregard' of the law is subject to reversal." *ARW Expl. Corp.,* 45 F.3d at 1463. An arbitrator is guilty of "manifest disregard" of the law only if he "knew the law and explicitly disregarded it." *Dominion Video Satellite, Inc. v. Echostar Satellite LLC*, 430 F. 3d 1269, 1275 (10th Cir. 2005). TIA has failed to even argue, let alone prove, that the arbitrator explicitly disregarded the law.[3]

TIA argues, however, that Pope's wage claims were not subject to mandatory arbitration, and that the arbitrator therefore lacked jurisdiction to hear those claims. This argument is without merit. TIA actively litigated Pope's wage claims in arbitration, and thus consented to the arbitration of those claims. (*See* Doc. # 13-6, pp. 7-10). A party cannot "await the outcome and then later argue that the arbitrator lacked authority to decide the matter." *Lewis v. Circuit City Stores, Inc.*, 500 F. 3d 1140, 1149 (10th Cir. 2007*).* Therefore, TIA waived its right to challenge the arbitrator's jurisdiction over these claims.

---

[3] In its Reply (Doc. # 30), TIA states, in passing, that the arbitrator "manifestly disregarded the parties' written agreement and the law of the Colorado Wage Claim Act." (Doc. # 30, p. 2). But this conclusory statement is not substantiated by any evidence or argument.

### E.    POPE'S REQUEST FOR ATTORNEY FEES

Pope seeks an award of attorney fees under 28 U.S.C. § 1927. That statute provides that "[a]ny attorney or other person . . . who so multiplies proceedings in any case unreasonably and vexatiously . . . may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Pope argues that TIA's Motion "has unreasonably multiplied proceedings" (Doc. # 29, p. 14), and that he is therefore entitled to an award of attorney fees incurred responding to the motion. The Court agrees.

TIA had the opportunity to litigate this dispute in state or federal court, but it chose instead to arbitrate. Indeed, TIA did not merely consent to arbitration; it insisted on it. (Doc. # 29-2 (Motion to Compel Arbitration)). TIA drafted the arbitration provision, chose the arbitration forum, and selected the arbitration rules. (Doc. # 5-1, section 5; Doc. # 13, p. 3 (noting that the arbitration agreement was "presented to Mr. Pope by [TIA]"). In so doing, TIA traded the rules and procedures of this forum – including the right to appeal – for the efficiency and convenience of arbitration. *Gilmer*, 500 U.S. at 31 ("By agreeing to arbitrate, a party trades the procedures and opportunity for review of the courtroom for the simplicity, informality, and expedition of arbitration."). As a result, TIA gave up the right to seek relief in this Court except in extremely limited circumstances. *Denver & Rio Grande W. R.R. v. Union Pac. R.R.*, 119 F.3d 847, 849 (10th Cir. 1997). None of those circumstances are present.

TIA had a full and fair opportunity to litigate this case in arbitration. In fact, the record shows that, in arbitration, TIA made substantially all of the arguments it is

9

currently making in this Court. (Doc. # 13-8, pp. 7-8). TIA is merely seeking to relitigate issues that were already decided in arbitration – which, it bears repeating, was TIA's chosen forum. Because TIA has already litigated these arguments, and given the narrow standard of review for arbitration awards, TIA's decision to file this motion was unreasonable. Therefore, Pope is entitled to an award of attorney fees pursuant to 28 U.S.C. § 1927.

## IV.   CONCLUSION

For the foregoing reasons, TIA's Amended Motion to Vacate, or in the Alterative to Modify, the Arbitration Award (Doc. # 12) is DENIED. Pope's request for attorney fees pursuant to 28 U.S.C. § 1927 is GRANTED. It is

FURTHER ORDERED that Pope shall file a motion for attorney fees within 21 days of the date of this Order. Pope's motion shall include only those fees incurred in responding to the instant Motion; it shall not include any fees previously requested or awarded. Pope must provide sufficient evidence that the time reported and fees sought are reasonable under the circumstances and applicable law.

DATED:  December 22, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge