IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 19-cv-01662-CMA-KLM

THE INTEGRATED ASSOCIATES OF DENVER, INC., a Delaware corporation, and
THE INTEGRATED ASSOCIATES, INC., a California corporation,

    Petitioners,

v.

RYAN B. POPE,

    Respondent.

**ORDER DENYING RESPONDENT'S AMENDED MOTION TO REOPEN AND RENEWED MOTION TO CONSOLIDATE (DOC. # 75)**

    This Matter is before the Court on Respondent Ryan B. Pope's Amended Motion to Reopen and Renewed Motion to Consolidate (Doc. # 75). The Motion is denied for the following reasons.

    **I.**    **BACKGROUND**

    This case has a lengthy and complicated procedural history, relevant portions of which the Court will recite here for clarity. This case involves an employment dispute. Petitioner, The Integrated Associates, Inc. ("TIA"), is a California-based recruiting and staffing agency.[1] (Doc. # 12 at 2.) In 2015, TIA hired Respondent, Mr. Pope, to launch a TIA office in Denver. (Doc. # 13 at 2.) The parties executed an employment agreement

---

[1] For purposes of this Order, Petitioners are referred to collectively as "TIA."

("Agreement"), which made Mr. Pope the Regional Director of the Denver office. (*Id.* at 2.) A year after the Agreement was executed, Mr. Pope was fired. (*Id.* at 3.)

After his termination, Mr. Pope sued TIA in Colorado state court. Mr. Pope alleged, among other things, wrongful termination, breach of contract, and violations of the Colorado Wage Act. *See* (Case No. 1:16-cv-02588-JLK); *see also* (Doc. # 13.) TIA removed the action to federal court and then moved to compel arbitration. *See* (Case No. 1:16-cv-02588-JLK, Docs. ## 1, 12.) Judge Kane ordered the parties to arbitrate, and the federal case was dismissed. *See* (Case No. 1:16-cv-02588-JLK, Doc. # 25.) On March 7, 2019, an arbitrator ultimately awarded Mr. Pope roughly $145,000 in damages. (Doc. # 29-1 at 19.)

On May 24, 2019, Mr. Pope filed a Motion for Confirmation of Arbitration Award and Entry of Judgment in Colorado state court ("Confirmation Motion"). (Case No. 1:21-cv-02081-LTB-SKC, Doc. # 1-1.) However, prior to being served with notice of that action, TIA initiated this action, 1:19-cv-01662-CMA-KLM ("*Pope I*"), by filing their Application to Vacate, or in the Alternative to Modify, the Arbitration Award ("Motion to Vacate"). (Doc. # 1.)

On December 22, 2020, this Court denied TIA's Motion to Vacate. (Doc. # 38.) The Court also determined that arguments advanced by TIA in their Motion to Vacate were baseless and vexatious in nature, warranting an order requiring TIA's counsel, Ms. Gokenbach, to pay Mr. Pope's attorney fees pursuant to 28 U.S.C. § 1927. (Doc. # 54.) Final Judgment was entered in *Pope I* on August 16, 2021. (Doc. # 55.) TIA appealed

2

both issues to the United States Court of Appeals for the Tenth Circuit. (Docs. ## 42, 58.)

On July 1, 2021, Mr. Pope served TIA with his state court Confirmation Motion. (Case No. 1:21-cv-02081-LTB-SKC, Doc. # 1-4.) TIA removed the Confirmation Motion to federal court on August 2, 2021, resulting in Case No. 1:21-cv-02081-LTB-SKC ("*Pope II*"). (Case No. 1:21-cv-02081-LTB-SKC, Doc. # 1.) On August 30, 2021, Mr. Pope sought consolidation of *Pope I* and *Pope II*. (Doc. # 56.) However, as *Pope I* was pending before the Tenth Circuit, this Court denied the motion for lack of jurisdiction. (Doc. # 61.) On December 8, 2021, Judge Babcock granted TIA's Motion to Stay proceedings in *Pope II* pending their appeal of *Pope I*. (Case No. 1:21-cv-02081-LTB-SKC, Doc. # 32.) Reconsideration of that Order was denied on January 27, 2022, and proceedings in *Pope II* remain stayed. (Case No. 1:21-cv-02081-LTB-SKC, Doc. # 36.)

On July 1, 2022, the Tenth Circuit issued its Order and Judgment affirming both this Court's denial of TIA's Motion to Vacate and the award of Attorney Fees to Mr. Pope pursuant to § 1927. (Doc. # 72.)

## II.   DISCUSSION

Mr. Pope now seeks to reopen *Pope I* and to consolidate it with *Pope II*, arguing that undetermined issues are now ripe for adjudication including the determination of interest, additional fees, and additional attorney fees. (Doc. # 75 at 3.) Mr. Pope notes that reopening is required prior to consolidation. (*Id.* at 3.) As the legal authority under which he may seek to reopen *Pope I* for "good cause" Mr. Pope cites D.C.COLO.LCivR 41.2—which reads in relevant part: "A district judge . . . may order the clerk to close a

3

civil action administratively subject to reopening for good cause." (*Id.* at 3–4); *see also Aragon v. U-Haul Co. of Colo.*, 550 F. Supp. 3d 933, 935–36 (D. Colo. 2021) ("Demonstrating good cause to reopen an administratively closed matter is not onerous; rather, good cause to reopen a case exists where the parties wish to litigate the remaining issues that have become ripe for review." (citation and internal quotation marks omitted)). Mr. Pope argues consolidation of the two cases is proper because they "involve a common question of law or fact." (Doc. # 75 at 4–5); Fed. R. Civ. P. 42(a).

TIA objects to reopening *Pope I*, arguing that D.C.COLO.LCivR 41.2 is inapplicable because *Pope I* was never administratively closed. (Doc. # 83 at 2–4.) TIA further argues that Federal Rules of Civil Procedure 59 and 60 are the only means for altering or amending a final judgment, and that Mr. Pope has not established he is entitled to relief under either of those rules. (Doc. # 83 at 4–5.) Finally, TIA argues consolidation of *Pope I* and *Pope II* is inappropriate because, although the parties in the two actions are the same, the two cases "have distinct factual and legal issues." (*Id.* at 5–8.)

Although the Court agrees that *Pope I* and *Pope II* share common factual and legal issues such that consolidation might be appropriate were both cases open, the Court sees no reason why *Pope I* should be reopened. TIA correctly notes that the case was closed pursuant to the entry of final judgment in Mr. Pope's favor, and not by means of D.C.COLO.LCivR 41.2's administrative closure. *See* (Doc. # 55.) Further, it appears that the relief Mr. Pope seeks—confirmation of his arbitration award, additional pre- and post-judgment interest, and additional attorney fees—is directly related to the

litigation in *Pope II*, or is already before the Tenth Circuit. *See* (Doc. # 75 at 3); *see also* (Case No. 1:21-cv-02081-LTB-SKC, Doc. # 39 at ¶ 6.)  Mr. Pope has provided no reason why he cannot pursue this relief in his currently open proceedings, and the Court declines to furnish him with one. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating that the Court is not required to interpret filings to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

### III.     CONCLUSION

For the foregoing reasons, Respondent Ryan B. Pope's Amended Motion to Reopen and Renewed Motion to Consolidate (Doc. # 75) is DENIED.

DATED: January 25, 2023.

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge